(143 App. Div. 225.)

### In re LOGAN.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

ATTORNEY AND CLIENT (§ 45*)—MISCONDUCT OF ATTORNEY—DISBARMENT.

Respondent, as attorney for a female client, procured from her $2,500 as a call loan, on the representation that a mortgage given as security was unquestionable, concealing that the mortgage had been foreclosed, and that the property was subject to a lien for nearly $1,000 unpaid taxes, and that she was only receiving an assignment of a judgment of foreclosure and not an assignment of a live mortgage. On an attempt to sell the property under the judgment, respondent on two occasions bought the property in, and each time refused to complete the sale on the ground that a good title could not be given under the judgment because there was a defect of parties defendant. *Held*, that respondent was guilty of conduct requiring disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 63; Dec. Dig. § 45.*]

In the matter of proceedings to discipline Edgar Logan, an attorney, for unprofessional conduct. Disbarred.

See, also, 133 App. Div. 900, 118 N. Y. Supp. 1093.

Argued before CLARKE, McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Einar Chrystie, for petitioner.

Respondent, in pro. per.

CLARKE, J. On October 1, 1900, Mary F. Richards executed a mortgage to the respondent, Edgar Logan, upon a part or parcel of plot 37 as shown on the map of Morsemere, in the city of Yonkers, filed in the office of the register of Westchester county as map 1118, to secure the repayment of $4,000 on the 1st of October, 1901, with interest at 6 per cent. payable semiannually. This mortgage was recorded in Liber 1,258 of Mortgages, page 210, October 15, 1900.

Respondent delivered this mortgage in April, 1904, together with an assignment thereof to Park Benjamin. No interest having been paid thereon, Benjamin commenced an action to foreclose, making Mrs. Richards and the respondent parties defendant. Judgment of foreclosure and sale was obtained thereon February 14, 1905, entered in Westchester county February 20, 1905. The respondent obtained an adjournment of the sale upon the payment of various sums of money and received a written stipulation from plaintiff's attorney dated May 12, 1905, concluding:

"It is further stipulated that adjournments shall be granted for thirty days on payment of $250 for each of same, the expenses of advertising and for referee's fees, to be paid by said Logan for and during said extended period."

Mrs. Ada B. Whittemore testified that the respondent had looked after certain other matters for her and had learned in the course of his employment that she had $2,500 in the bank; that he told her that he had a very safe investment for her in Yonkers, that would give her 6 per cent. and that she could call her money in at any time,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that he knew that it was perfectly safe in every way; that the title to this property was perfectly good, that the taxes were all paid, and that it was a first mortgage. She further testified that she had no other attorney at this time and that nobody looked after her interests except Mr. Logan; that she thereupon paid him $2,500 by check dated May 5, 1906.

The respondent himself, testifying from a memorandum claimed to have been made at the time, said that he wrote to her on April 30, 1906:

"Dear Mrs. Whittemore: Would you care to take $2,500 of a mortgage on a house at Morsemere temporarily? I want to keep it alive and take it up by and by for a client for whose account I have not the money at the moment. I shall of course ultimately take the mortgage back for this client's account, but while it lasts it will give you six per cent. interest. The property is worth about $7,500 to $8,000. The security for you will be unquestionable. I have been disappointed in having enough come in to take it yet for this account. I thought it might take care of your $2,500 in the bank for a while at good interest."

Having received this $2,500 from Mrs. Whittemore, the respondent on May 10, 1906, paid it to the attorney for Mr. Benjamin and received from him an assignment of the judgment of foreclosure in Benjamin v. Richards & Logan, the original mortgage and an assignment thereof from Edgar Logan to Park Benjamin, dated May 12, 1904, recorded October 27, 1904. He delivered to Mrs. Whittemore the original mortgage and an assignment thereof, signing it "Edgar Logan, Trustee"; said assignment containing the clause:

"But with the right to the assignor to reassignment of said mortgage at any time on payment of said principal sum of $2,500 and six months' interest."

This assignment was dated May 10, 1906, but he did not have it recorded before delivery. He had received no assignment of the mortgage from Benjamin to himself. He did not disclose to Mrs. Whittemore that the mortgage had been foreclosed, and she had no knowledge of that fact. She received two payments of interest from him which he testified he had paid himself and that he had not collected anything from the mortgagor.

She discovered through a friend that the property was not in good condition, and she wrote several times during the summer of 1907 to the respondent asking him to return her money. The respondent wrote to her on August 17, 1907:

"I regret very much you wish to call in this loan as to get six per cent. again on such security will be simply impossible for you, and to keep the mortgage undisturbed on the property for the owner till it could be sold was also part of my endeavor in recommending the loan to you. However, I will notify, and I think you can be relieved of it in a reasonably short time when money is loaning again after the summer dullness."

And on September 13, 1907, he wrote:

"I expect in a couple of thousand dollars from mortgage for a client about November 1st, and will then try to take the mortgage off your hands as desired for that amount, failing which I suppose there will be nothing left but for you to foreclose."

It should be borne in mind that the foreclosure had been had February 14, 1905.

Not succeeding in recovering the amount paid by her to respondent upon the representation that it was a call loan, she put the matter in the hands of Mr. Higgins and gave him the mortgage with a view to foreclosing it. Mr. Higgins observed upon the mortgage the words, "Ex. A., S. T. M. Jr., referee." He testified that he called on Mr. Logan and asked him what those marks meant, if that meant that the mortgage had been foreclosed, if any foreclosure proceedings had been taken, and that the respondent answered, "No, nothing of the sort"; that he then went to White Plains and discovered that the mortgage had been foreclosed and gone to judgment; that he again saw the respondent and told him that he wanted Mrs. Whittemore's money back; that the mortgage had been foreclosed; that there was no formal assignment on record of the mortgage to him, and of course no assignment from him to Mrs. Whittemore; whereupon respondent said that as additional security he would give her an assignment of the judgment to the extent of $2,500 and interest. This he did, and Higgins had the assignment of the mortgage from Logan, trustee, to Mrs. Whittemore, dated May 10, 1906, recorded on October 16, 1907, and the assignment of the judgment recorded on November 13, 1907. He thereafter had the property sold under the judgment twice. Each time the respondent bought it in, and each time refused to complete; his ground being that good title could not be given under the judgment, which he himself had assigned to Mrs. Whittemore as security for her money, and which had been entered in a suit in which he was a party defendant, upon the ground of a defect in parties defendant. Mrs. Whittemore has never succeeded in recovering any of the amount loaned.

So that it appears that at the time he procured from Mrs. Whittemore the sum of $2,500 as a temporary or call loan, upon the representation that the security was unquestionable and perfectly safe in every respect, he concealed from her that the mortgage had been foreclosed; that no interest had been paid upon it for a long time; that it was subject to a lien for about $1,000 in unpaid taxes; and that what she was receiving was a mere assignment of a judgment which he did not, as a matter of fact, deliver until long afterwards, and not the assignment of a live mortgage.

The referee has reported:

"After a careful consideration of all the evidence bearing on the issues herein, and the reasonable probabilities, I am of the opinion that the respondent knowingly, by false and fraudulent representations, induced Mrs. Whittemore to turn over to him the sum of $2,500. In my judgment the petitioner's charges are sustained."

With this conclusion we agree and think that the respondent should no longer be permitted to remain a member of the Bar.

An order for his disbarment will therefore be entered. All concur.